FILED & ENTERED

JUL 27 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br>AMERGENCE TECHNOLOGY, INC.,<br>    Debtor. | Case No. 2:12-bk-35473-RK<br>Chapter 7<br>Adversary No. 2:15-ap-01563-RK |
| JASON M. RUND, Chapter 7 Trustee,<br>    Plaintiff,<br>vs.<br>ALBERT LEE, an individual; BUSINESS LEGAL PARTNERS ATTORNEYS AT LAW, LAW CORP., a California corporation; LEVENE, NEALE, BENDER, YOO & BRILL L.L.P., and Does 1 through 10,<br>    Defendants. | **MEMORANDUM DECISION ON DEFENDANTS' MOTIONS TO DISMISS FIRST AMENDED COMPLAINT OR FOR MORE DEFINITE STATEMENT**<br><br>Hearings:<br>Date:    July 26, 2016<br>Time:    3:00 p.m.<br>Place:   Courtroom 1675<br>         255 East Temple Street<br>         Los Angeles, CA 90012 |

This adversary proceeding came on for hearing on July 26, 2016 before the undersigned United States Bankruptcy Judge on the motions of defendants Albert Lee, Business Legal Partners Attorneys at Law, Law Corp (collectively referred to as "Lee Defendants"), and Levene, Neale, Bender, Yoo & Brill L.L.P. ("Defendant Levene Neale"), to dismiss the first amended complaint of Jason M. Rund, the Chapter 7 trustee appointed in the underlying bankruptcy case ("Trustee"), asserting claims for malpractice

and breach of fiduciary duty for their alleged prepetition and postpetition acts in representing the debtor in this bankruptcy case, Amergence Technology, Inc., seeking damages in excess of $2.1 million, for failure to state a claim upon which relief can be granted or for more definite statement pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure as incorporated by reference in Rule 7012 of the Federal Rules of Bankruptcy Procedure.  Corey R. Weber, of the law firm of Brutzkus Gubner, appeared for Trustee.  Bradley W. Jacks, of the law firm of David B. Parker, of the law firm of Parker Mills LLP, appeared for Defendant Levene Neale.

Because the court must accept the material factual allegations of Trustee's first amended complaint as true and draw inferences from those allegations in the most favorable light to Trustee for purposes of defendants' Rule 12(b)(6) motion, it is not inclined to dismiss the amended complaint because the claims in the amended complaint state a claim upon which relief can be granted.  *Loyd v. Paine Webber, Inc.,* 208 F.3d 755, 759 (9th Cir. 2000)(citations omitted); *see also,* 1 Wagstaffe, *Rutter Group Federal Civil Procedure Before Trial,* ¶¶ 9:213  and 9:215 at 9-81 and 9-83 (2016), *citing inter alia, Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007); *In re Estate Financial Mortgage Fund, LLC,* 565 Fed. Appx. 628 (9th Cir. 2014)(construing complaint in most favorable light, holding complaint should not have been dismissed).  Trustee's malpractice and fiduciary duty breach claims in his first amended complaint appear to this court to be claims asserted on behalf of the debtor rather than on behalf of its creditors.  *See, Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP,* 133 Cal.App.4th 658, 676-678 (2005).  Thus, there is no standing problem for Trustee to assert such claims. *Id.*

Trustee's claims in the first amended complaint that defendant attorneys and law firms committed malpractice and breached their fiduciary duty to the debtor, Amergence Technology, Inc., in allegedly advising debtor and its affiliated entity controlled by debtor's insiders to transfer debtor's assets to the affiliated entity to hinder debtor's

creditors state plausible claims for purposes of *Bell Atlantic Corp. v. Twombly, supra,* and do not require a more definite statement.

The question of whether a bankruptcy trustee is or is not subject to an *in pari delicto* defense under California law was very recently addressed by a California Court of Appeal in *Uecker v. Zentil,* 244 Cal.App.4th 789 (2016), which held that the doctrine of *in pari delicto* applies to bar a bankruptcy trustee suing on behalf of the bankruptcy estate of a company if the doctrine would bar the company from asserting such claims. *Id.* at 794-797, *citing,* 11 U.S.C. § 541(a)(1) and *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP,* 133 Cal.App.4th at 676-678. Quoting the opinion in *Peregrine Funding,* the court in *Uecker v. Zentil* stated that:

> A bankruptcy trustee succeeds to claims held by the debtor 'as of the commencement' of bankruptcy.  (11 U.S.C. § 541(a)(1).)  Section 541 of the Bankruptcy Code thus requires that courts analyze defenses to claims asserted by a trustee as they existed at the commencement of bankruptcy, and later events (such as the ouster of a wrongdoer) may not be taken into account. [Citations.]  In the context of an unclean hands defense, this means a bankruptcy trustee stands in the shoes of the debtor and may not use his status as an innocent successor to insulate the debtor from the consequences of its wrongdoing.  [Citations.]  [The debtor's] unclean conduct---i.e., its participation in the scheme that defrauded investors of millions---must therefore be considered without regard to the trustee's succession.

*Uecker v. Zentil,* 244 Cal.App.4th at 794, *quoting, Peregrine Funds, Inc. v. Sheppard Mullin Richter & Hampton LLP,* 133 Cal.App.4th at 680. However, the issue has not been definitively addressed by the California Supreme Court.  *See, Uecker v. Zentil,* 244 Cal.App.4th at 797; *Gottlieb v. Fulcrum 5 Inc. (In re KSL Media, Inc.),* 2016 WL 3549166, slip op. at *10 (Bankr. C.D. Cal. 2016) (Mund, J.); *cf., Camerer v. Savings and Commercial Bank of San Diego,* 4 Cal.2d 159 (1935)(*in pari delicto* not applicable to a

state court receiver); *accord, FDIC v. O'Melveny & Myers,* 61 F.3d 17, 18-19 (9th Cir. 1995) (holding under California law that *in pari delicto* does not apply to a state court receiver, noting in dicta that "[a] receiver, like a bankruptcy trustee and unlike a normal successor in interest). Judge Mund of this court stated in *In re KSL Media, Inc.* that:

> The real emphasis here is that Section 541(a)(1) applies to bankruptcy trustees and not to receivers. Thus, the cases that are limited to receivers are not on point. If Congress wishes to protect the estate from claims of in pari delicto, it need only amend Section 541(a)(1).)".

2016 WL 3549166, slip op. at *10.

This issue of California law is apparently an open one in the Ninth Circuit since there is no published opinion on the issue. *See Uecker v. Wells Fargo Capital Finance, LLC (In re Mortgage Fund '08 LLC),* 527 B.R. 351, 366-370 (N.D. Cal. 2015) (noting that the Ninth Circuit has not addressed in a published opinion the applicability of the *in pari delicto* defense in a published opinion, but had affirmed its application in an unpublished decision), *citing, In re Crown Vantage, Inc.,* No. 023836 MMC, 2003 WL 25257821, at *6 (N.D. Cal. 2003), *aff'd, Crown Paper Liquidating Trust v. Pricewaterhousecoopers LLP,* 198 Fed. Appx. 597 (9th Cir. 2006); *accord, In re KSL Media, Inc.,* 2016 WL 3549166, slip op. at *8-10; *see also, In re Estate Financial Mortgage Fund, LLC, supra* (reversing trial court's dismissal of complaints and commenting that "[g]iven our disposition, we need not resolve trustees' arguments that the *in pari delicto* and unclean hands defense may never apply to bankruptcy trustees or claims brought by trustees that arise postpetition.").

As also noted in *In re Mortgage Fund '08 LLC,* "[a]lthough the Ninth Circuit has not directly addressed the issue, every circuit to have considered the question has held that a defendant 'sued by a trustee in bankruptcy may assert the defense of *in pari delicto,* if the jurisdiction whose law creates the claim permits such a defense outside of bankruptcy.'" *In re Mortgage Fund '08 LLC.,* 527 B.R. at 366-367, *citing, Peterson v. McGladrey & Pulley, LLP.,* 676 F.3d 594, 598-599 (7th Cir. 2012); *Picard v. JPMorgan Chase Bank & Co. (In re Bernard L. Madoff Investment Securities LLC,* 721 F.3d 54, 63-65 (2nd Cir.

2013); *Baena v. KPMG LLP,* 453 F.3d 1, 6-10 (1st Cir. 2006); *Official Committee of Unsecured Creditors v. R.F. Lafferty & Co.,* 267 F.3d 340, 354-360 (3rd Cir. 2001); *In re Derivium Capital LLC,* 716 F.3d 355, 366-369 (4th Cir. 2013); *Terlecky v. Hurd (In re Dublin Securities, Inc.),* 133 F.3d 377, 380 (6th Cir. 1997); *Grassmueck v. American Shorthorn Association,* 402 F.3d 833, 836-842 (8th Cir. 2005); ); *Sender v. Buchanan (In re Hedged-Investments Associates, Inc.),* 84 F.3d 1281, 1285 (10th Cir. 1996); *Official Committee of Unsecured Creditors of PSA, Inc. v. Edwards,* 437 F.3d 1145, 1152 (11th Cir. 2006); *accord, In re KSM Media Inc.,* 2016 WL 3549166, slip op. at *8-9.

      The court determines that even if defendants have raised the *in pari delicto* defense as it is inclined to recognize at this preliminary stage of the litigation, applying *Uecker v. Zentil, supra,* there are genuine issues of material fact regarding the applicability of any such defense of *in pari delicto* raised by defendants regarding the so-called adverse interest exception asserted by Trustee, which exception is fact-intensive and should not be generally resolved at the pleading stage. *See, Floyd v. CIBC World Markets, Inc.,* 426 B.R. 622, 642-643 (S.D. Tex. 2009). "The 'adverse interest exception' provides that where corporate agents act in a manner adverse to the interests of the corporation, the actions of the agents are not imputed to the corporation." *In re Mortgage Fund '08 LLC*, 527 B.R. at 368 (citation omitted). The court should not resolve the factual disputes relating to the adverse interest exception at the pleading stage, even though such disputes are based on seemingly inconsistent allegations in the various pleadings of trustee. *Peterson v. McCaffrey & Pullen, LLP,* 676 F.3d at 596-597; *see also,* 1 Wagstaffe, *Rutter Group Federal Civil Procedure Before Trial,* ¶ 9:216 at 9-83 ("no matter how improbable the facts alleged are, they must be accepted as true for purposes of the motion"), *citing inter alia, Bell Atlantic Corp. v. Twombly,* 550 U.S. at 556. Thus, the court does not reach the merits of the *in pari delicto* defense asserted by defendants at the pleading stage.

      In this regard, this court diverges from Judge Mund, who in the *KSM Media* matter had granted defendants' motion to strike the bankruptcy trustee's claims based on *in pari*

*delicto* raised as an affirmative defense and denied the trustee's motion for reconsideration despite this court sharing the concern of Judge Mund about possible prejudice to defendants as they "will be forced to incur additional and significant expense and time with respect to the discovery that will certainly be propounded by Trustee." *In re KSM Media Inc.,* 2016 WL 3549166, slip op. at *8-9. Nevertheless, the court determines that defendants' motions to dismiss should be denied mainly because in this case, Trustee has asserted the *in pari delicto* defense should not be sustained here under the "adverse interest" exception in that the bad acts involved here should not be attributable to the debtor, which are allegedly due to the acts of an officer of the company acting adversely to it, Yian Chen aka David Chen, a minority shareholder of debtor, and the assertion of the adverse interest exception is fact-intensive and should not be determined at the pleading stage. *See, In re California TD Investments LLC,* 489 B.R. 124, 129-130 (Bankr. C.D. Cal. 2013)(Mund, J.); *but see, In re Mortgage Fund '08 LLC,* 527 B.R. at 369 ("Although the imputation analysis 'generally rests on questions of fact,' '[w]here, as here, a plaintiff's own pleadings contain admissions that establish the basis of an unclean hands defense, the defense may be applied without further' proceedings.").

    The court also agrees with Trustee that California Civil Code § 1714 is not a barrier to suit since formally speaking, the first amended complaint does not allege civil conspiracy claims against the attorney and law firm defendants.

///

1    Defendants' motions to dismiss and/or for more definite statement should be
2 denied, and defendants should be ordered to serve and file answers to the first amended
3 complaint.   Counsel for Trustee is to submit proposed orders for denial of the motions as
4 orally ordered at the hearing.

5    **IT IS SO ORDERED.**

6                                            ###

Date: July 27, 2016

_____
Robert Kwan
United States Bankruptcy Judge